IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITAL MEDIA TECHNOLOGY HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>DELUXE MEDIA INC.,<br><br>      Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INRINGEMENT**

Digital Media Technology Holdings, LLC ("DMTH" or "Plaintiff"), by and through undersigned counsel, submits this complaint for patent infringement against Deluxe Media Inc. ("Deluxe" or "Defendant") under the patent laws of the United States, Title 35 United States Code, and alleges as follows:

**PARTIES**

1. DMTH is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Toronto, Canada.

2. Deluxe is a corporation existing under the laws of the State of Delaware with a principal place of business in Burbank, California.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because DMTH seeks relief under the Patent Act, 35 U.S.C. § 271 et seq., including remedies for infringement of a United States Patent owned by DMTH.

4. Personal jurisdiction over Deluxe is proper because Deluxe is incorporated in

Delaware. Additionally, Deluxe has systematic and continuous business contacts with Delaware at least resulting from its distribution of multimedia streaming services into Delaware.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Deluxe is incorporated in the State of Delaware and a substantial part of the events giving rise to DMTH's claims occurred in this District, including the distribution of multimedia streaming services into this District.

## FACTUAL ALLEGATIONS

### I. The Asserted Patent

6. DMTH is the owner of U.S. Patent No. 7,574,725 (the "'725 Patent" or "Asserted Patent") titled "Multimedia Marketing and Distribution System." A true and correct copy of the '725 Patent is attached hereto as Exhibit A.

7. The '725 Patent was duly and lawfully issued on August 11, 2009, by the United States Patent and Trademark office and was valid and enforceable at all times between its date of grant and its expiration.

8. The sole inventor of the Asserted Patent is Nicholas Stiliadis, an individual currently residing in Toronto, Canada.

9. Mr. Stiliadis is the founder and CEO of DMTH.

10. The '725 Patent discloses systems and methods for marketing and distributing multimedia material, such as motion pictures and television programming, over a computerized network. These systems and methods operate principally through internet servers and digital content platforms, where producers can upload the multimedia material and purchasers can download or view the multimedia material.

## II.     Deluxe's Infringement

11.     Deluxe has provided a variety of services within the movie industry for over a century. (Ex. B.) Deluxe provides, among other services, the service of digitally distributing movies and associated trailers to movie theaters by way of high-speed broadband internet. (Ex. C.)

12.     Deluxe has infringed the Asserted Patent by making, using, selling, and offering for sale systems and methods for marketing and distributing motion pictures and associated trailers over broadband internet to public movie theaters. Deluxe's systems and methods for marketing and distributing multimedia materials embody the inventions claimed in the Asserted Patent. (Ex. B.)

## COUNT I
## INFRINGEMENT OF THE '725 PATENT

13.     DMTH incorporates and realleges paragraphs 1 through 12 as if fully set forth herein.

14.     As outlined in the infringement claim chart attached as Exhibit B, Deluxe has infringed at least claim 1 of the '725 Patent by making, using, selling, or offering for sale in the United States, infringing services, including but not limited to Deluxe's distribution network, in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents.

15.     Deluxe's acts of infringement of the '725 Patent have caused damages to DMTH for which DMTH is entitled to compensation pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, DMTH requests judgment against Deluxe as follows:

A.     adjudging that Deluxe has infringed the Asserted Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

B.      ordering Deluxe to pay damages adequate to compensate DMTH for Deluxe's infringement of the Asserted Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; and

C.      awarding DMTH such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

DMTH hereby demands trial by jury of all issues so triable.

Dated: January 8, 2025

*Of Counsel:*
John C. Carey
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Tel: (305) 372-7474
jcarey@careyrodriguez.com

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ncb@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff*
*Digital Media Technology Holdings, LLC*