IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITAL MEDIA TECHNOLOGY HOLDINGS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 25-038-JCG<br>) |
| DELUXE MEDIA INC., | )<br>) |
| Defendant. | ) |

**DELUXE MEDIA INC.'S REPLY BRIEF IN SUPPORT OF ITS<br>
<u>MOTION TO DISMISS THE COMPLAINT</u>**

OF COUNSEL:
Gene W. Lee
Thomas Matthew
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, NY  10036-2711
(212) 262-6900

Aaron E. Schindler
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

Dated: May 14, 2025

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Deluxe Media Inc.*

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  ARGUMENT.........................................................................................1

    A.   Claim 1 Is Directed To An Abstract Idea Under *Alice* Step One. ..............................................................................................1

        1.   Claim 1 Is Directed To Well-Known Business Practices. ..................................................................................1

        2.   Claim 1 Does Not Claim A Specific Implementation Of Technology. ...............................................4

        3.   Limiting Claim 1 To The Film Industry Does Not Affect The Ineligibility Analysis. ............................................5

    B.   Claim 1 Lacks An Inventive Concept Under *Alice* Step Two.................................................................................................6

    C.   Claims 2-23 Are Also Invalid. ..........................................................9

III. CONCLUSION....................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinity Labs of Texas, LLC v. DirecTV, LLC*,
   838 F.3d 1253 (Fed. Cir. 2016) ................................................................................... 5

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
   967 F.3d 1285 (Fed. Cir. 2020) ................................................................................... 7

*Attentive Mobile Inc. v. 317 Labs, Inc.*,
   No. CV 22-1163-CJB, 2023 WL 6215825 (D. Del. Sept. 25, 2023) ................... 4, 5

*Axcess Int'l, Inc. v. Genetec (USA) Inc.*,
   375 F. Supp. 3d 533 (D. Del. 2019) ........................................................................ 4, 5

*Broadband iTV, Inc. v. Amazon.com, Inc.*,
   113 F.4th 1359 (Fed. Cir. 2024) ............................................................................. 2, 3

*Credit Acceptance Corp. v. Westlake Servs.*,
   859 F.3d 1044 (Fed. Cir. 2017) ................................................................................ 5-6

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016) ............................................................................... 3, 9

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
   839 F.3d 1089 (Fed. Cir. 2016) ............................................................................. 9-10

*Guada Techs. LLC v. Vice Media, LLC*,
   341 F. Supp. 3d 390 (D. Del. 2018) ........................................................................ 7-8

*IBM v. Zillow Grp., Inc.*,
   50 F.4th 1371 (Fed. Cir. 2022) .............................................................................. 3, 10

*Mobile Acuity Ltd. v. Blippar Ltd.*,
   110 F.4th 1280 (Fed. Cir. 2024) ............................................................................... 3-4

*Synopsys, Inc. v. Mentor Graphics Corp.*,
   839 F.3d 1138 (Fed. Cir. 2016) .................................................................................. 9

**Page(s)**

*U.S. Synthetic Corp. v. ITC*,
　128 F.4th 1272 (Fed. Cir. 2025) ............................................................................... 4

*Ultramercial, Inc. v. Hulu, LLC*,
　772 F.3d 709 (Fed. Cir. 2014) ............................................................................. 2, 3

**STATUTES**

35 U.S.C. § 101 ............................................................................................................ 10

I.  **INTRODUCTION**

The claims of the '725 Patent are directed to the abstract idea of organizing, distributing, and displaying media content and related advertisements and merely require that this abstract idea be carried out using computers. Federal Circuit authority confirms that such claims recite well-known business practices and mental processes that can be performed with pencil and paper and thus fall squarely within the realm of abstract ideas. Furthermore, the claims are stated in functional, results-oriented terms and rely on basic computer hardware to carry out the abstract idea without offering any technological improvement. The '725 Patent therefore claims ineligible subject matter, and Deluxe respectfully requests that the Court dismiss this case.

II.  **ARGUMENT**

    A.  **Claim 1 Is Directed To An Abstract Idea Under *Alice* Step One.**

        1.  **Claim 1 Is Directed To Well-Known Business Practices.**

Claim 1 recites the abstract steps of organizing media content and related advertising material, distributing such content to purchasers, and displaying such content. *See* D.I. 13 ("Op. Br.") 6-9. In its Answering Brief, Plaintiff contends that claim 1's recitation of "packaging multimedia material with advertising material … as '*correlated information*'"[1] renders claim 1 a "specific implementation" and a

---

[1] Emphases added unless stated otherwise.

1

"concrete application" rather than an abstract idea. *See* D.I. 20 ("Ans. Br.") 6, 16-17. But organizing information by associating or correlating content as recited by claim 1 "can be performed in the human mind or using a pencil and paper[, which is an] indication that a claim is abstract." *Broadband iTV, Inc. v. Amazon.com, Inc.*, 113 F.4th 1359, 1367, 1371 (Fed. Cir. 2024).

The Federal Circuit in *Broadband* held claims ineligible that recited an Internet-connected device for receiving and organizing correlated information—i.e., video content, metadata, and pictures—to generate a navigable video selection guide. *Id.* at 1363-64; *see also id*. at 1368 ("[R]eceiving metadata and organizing the display of video content based on that metadata is abstract."). And in *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014), the Federal Circuit affirmed ineligibility of claims directed to associating media content with an advertisement and "offering the media to [consumers] in exchange for watching the selected ad." *Id*. at 715. As discussed in Defendant's Opening Brief, claim 1 closely resembles the claims the Federal Circuit invalidated under § 101 in *Broadband* and *Ultramercial*. *See* Op. Br. 10-13.

Plaintiff argues claim 1 is distinguishable from claims previously held ineligible by the Federal Circuit because it requires "the **tangible display** of multimedia material by exhibitors 'in a public theater to a number of individuals.'" Ans. Br. 19 (emphasis in original) (citing D.I. 1-1 at 16:58-17:2). As a threshold

2

matter, a "tangible display" does not confer patent eligibility because merely presenting information—even on a physical screen—does not transform an abstract idea into a patent-eligible invention. *See, e.g.*, *IBM v. Zillow Grp., Inc.*, 50 F.4th 1371, 1382 (Fed. Cir. 2022) ("applying the claimed abstract idea to a computer display" does not amount to an inventive concept).

Furthermore, Plaintiff misrepresents Federal Circuit precedent in attempting to distinguish binding authority. Plaintiff argues that in *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016), "the representative claims were directed to abstract data processing operations, ***rather than a tangible result***." Ans. Br. 18. Not true. In *Elec. Power Grp.*, the claim recited "***displaying*** the event analysis results and diagnoses of events" and "***displaying*** concurrent visualization of measurements." 830 F.3d at 1352. Plaintiff similarly misrepresents *Broadband*, arguing that "the patents at issue claimed … computer functions ***and not tangible results displayed to the user***." Ans. Br. 18. But the claim in *Broadband* expressly recited "***present[ing] to the subscriber an electronic program guide as a templatized video-on-demand display***." 113 F.4th at 1363. And Plaintiff falsely argues that the patent in *Ultramercial* "did not claim any tangible display of any such media products." Ans. Br. 18-19. To the contrary, the representative claim in *Ultramercial* included a limitation directed to "***facilitating the display of a sponsor message to the consumer***." 772 F.3d at 712. Finally, in *Mobile Acuity Ltd. v. Blippar*

3

*Ltd.*, 110 F.4th 1280, 1292 (Fed. Cir. 2024), the Federal Circuit found that the claims were "directed to the abstract idea of receiving information, associating information with images, comparing the images, and ***presenting information*** based on that comparison."

### 2. Claim 1 Does Not Claim A Specific Implementation Of Technology.

The '725 Patent uses purely functional, results-oriented language to claim steps of organizing, distributing, and displaying multimedia content. *See* Op. Br. 9-10. But Plaintiff asserts, without analysis or explanation, that claim 1 is "directed to a specific implementation, not an abstract idea." Ans. Br. 17 (citing *U.S. Synthetic Corp. v. ITC*, 128 F.4th 1272 (Fed. Cir. 2025)). Plaintiff's citation to *U.S. Synthetic Corp.* is inapposite. That case involved patent claims for compositions of matter. The Federal Circuit rejected the Commission's reliance on precedents involving abstract ideas implemented using generic computer components, deeming them "inapplicable" to claims directed to a physical composition. *Id*. at 1284. Just as the Federal Circuit in *U.S. Synthetic* found software cases irrelevant to physical compositions, that decision offers little guidance in the present case for claims involving computer-implemented functions.

Plaintiff's invocation of *Axcess Int'l, Inc. v. Genetec (USA) Inc.*, 375 F. Supp. 3d 533 (D. Del. 2019) and *Attentive Mobile Inc. v. 317 Labs, Inc.*, No. CV 22-1163-CJB, 2023 WL 6215825 (D. Del. Sept. 25, 2023) is also unavailing. *See* Ans. Br. 17-

4

18. In *Axcess Int'l*, the court found the claim's disclosure of "[u]sing RFID equipment and video to monitor property" distinct from "the naked [i.e., abstract] idea of monitoring and controlling access to a location." 375 F. Supp. 3d at 537. Here, claim 1 recites only generic steps for organizing, distributing, and displaying media content and advertising, untethered from any specialized hardware or technological improvement. And in *Attentive Mobile*, the court found the claimed use of deeplinking to transition from one mobile application to another was "***not*** a longstanding commercial practice that people have been engaging in for generations." 2023 WL 6215825, at *3-4, *6. In contrast, claim 1 of the '725 Patent merely computerizes longstanding commercial practices, without limiting the claims to specific ways of organizing, distributing, and displaying media content.

### 3. Limiting Claim 1 To The Film Industry Does Not Affect The Ineligibility Analysis.

Plaintiff argues that claim 1 "is directed to a more particular way of distributing and displaying multimedia material" because it "reduc[es] overhead costs" for "the motion picture and television industry." Ans. Br. 17-18 (citing D.I. 1-1 at 1:35-52). First, "merely limiting the field of use of the abstract idea to a particular existing technological environment does not render the claims any less abstract." *Affinity Labs of Texas, LLC v. DirecTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016). Second, reducing costs is an efficiency gain, not a technological solution, and thus does not affect whether claims are abstract. *See Credit Acceptance Corp. v.*

*Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) ("[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology.").

### B.    Claim 1 Lacks An Inventive Concept Under *Alice* Step Two.

Claim 1 lacks any specific improvement to the computer technology used to implement the claimed method and thus provides no "inventive concept" under the second step of *Alice*. *See* Op. Br. 13-15. Plaintiff offers no persuasive response.

Plaintiff asserts that the purported invention of the '725 Patent carries out "packaging and distribution" of multimedia and advertising material through "the use of networked server technology, which had not been done before for this purpose." Ans. Br. 6. Plaintiff further cites statistics relating to "dial-up" and "broadband" Internet access and "streaming multimedia content" to assert that "electronic distribution of multimedia material and advertising material … was essentially non-existent at the time of the priority date." Ans. Br. 5-6. However, the specification of the '725 Patent itself conclusively refutes Plaintiff's assertions. The specification admits that "computer networks, like the Internet," were already used to distribute multimedia: "***The explosive growth of computer networks, like the Internet, has provided a convenient way for computer users to obtain from remote sites information in the form of text, graphics and audio, as well as video***." D.I. 1-1 at 1:29-32. The specification also states that the purported invention can be used "for

6

searching and purchasing rights in product and arranging for the transport of the same *via the Internet or otherwise, including conventional means*." *Id.* at 11:15-20.

Furthermore, Plaintiff's argument is immaterial because claim 1 is written in broad and general terms to be carried out using a "communication network." *See* D.I. 1-1 at 16:29-30. Claim 1 is not limited to the use of the Internet; it is not limited to a minimum bandwidth; and it does not require streaming capability. *See id.* at 16:19-17:2. Claim language—not background context or descriptions in the specification—governs the § 101 inquiry. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1293 (Fed. Cir. 2020) ("[F]eatures that are not claimed are irrelevant as to step 1 or step 2 of the *Mayo/Alice* analysis.").

Plaintiff contends that a factual dispute exists regarding whether the "pre-computer analogs" and "known computer systems and network" identified in Defendant's Opening Brief "existed at or before the priority date." Ans. Br. 20-21 (citing Op. Br. 13-14). But the '725 Patent itself describes those pre-computer analogs and computer systems. *See* Op. Br. 15 (citing D.I. 1-1 at 3:13-17, 8:48-49, 11:15-20, Figs. 1, 9). Plaintiff's reliance on *Guada Techs. LLC v. Vice Media, LLC*, 341 F. Supp. 3d 390 (D. Del. 2018) is thus unavailing. In *Guada*, the court found a factual dispute at *Alice* step two because the defendant failed to show that the claimed "jumping" and "keyword searching" were well-understood, routine, and

conventional as of the priority date. *Id.* at 399. Indeed, the court in *Guada* indicated that had the challenged patent itself shown that the claimed features were well-understood, routine, and conventional that disclosure alone would have sufficed to resolve *Alice* step two under the clear and convincing evidence standard. *See id.* at 399 ("The patent does refer to the association between keywords and nodes as 'an index.' However, that reference does not speak to the conventionality of keywords, nodes, and jumping." (internal citation omitted)). In contrast to the patent in *Guada*, the '725 Patent itself discloses the relevant "pre-computer analogs" and "known computer systems and network," leaving no factual dispute to preclude dismissal.

Plaintiff repeatedly argues for patent eligibility by trying to contrast the claims of the '725 Patent with prior art. First, Plaintiff argues that the '725 Patent's prosecution history[2] confirms an inventive concept because "many rejections **under § 103** were successful[ly] traversed[.]" Ans. Br. 21. Next, Plaintiff argues that because the '725 Patent allegedly claims "a ***novel*** method of distribution and display between owner and purchaser by way of 'correlated information[,]'" the "computer hardware, such as servers and networks [that] appear in all claims of the '725

---

[2] The '725 Patent issued in 2009, nearly five years before the Supreme Court's decision in *Alice* set forth the modern two-part test for patent eligibility. Accordingly, the '725 Patent was not examined under the modern patent eligibility standard, and patent eligibility was not discussed during the prosecution of the '725 Patent.

8

Patent," is not "generic computer hardware." Ans. Br. 21-22. Plaintiff then attempts to distinguish *Elec. Power Grp.* and *GeoComply* on the basis that "neither claim at issue recited an inventive concept, such as a **new form** of data processing[.]" Ans. Br. 22. "But, a claim for a new abstract idea is still an abstract idea." *See, e.g.*, *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) (rejecting argument that claims had inventive concept because they were not anticipated or obvious). Plaintiff's prior-art-based arguments miss the mark: Section 101 asks whether the claim recites a technological solution, not whether it survived a prior art challenge.

Because claim 1 provides no inventive concept, it fails step two of *Alice*.

**C.   Claims 2-23 Are Also Invalid.**

Plaintiff admits that "[c]laims 2-13 and 15-23 are directed to essentially the same method as claim 1." Ans. Br. 19. Those claims likewise fail under § 101.

Claim 14 is the system analog of claim 1 and recites generic, conventional hardware components: two CPUs, three memories, a communications network, an input device, a digital feature film projector, and a screen. These are generic components used for their basic functions; the '725 Patent does not describe any improvement to these functions. *See FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1096 (Fed. Cir. 2016) (claims that "merely graft generic computer

9

components onto otherwise-ineligible method claims" are invalid). Accordingly, claim 14 is invalid for substantially the same reasons that claim 1 is invalid.

Plaintiff cites claim 11's recitation of "automatically collecting sales information" (Ans. Br. 22), but like claim 1, claim 11 "use[s] functional language, at a high level of generality and divorced from any computer technology," and is thus directed to "insignificant post-solution activity" that cannot supply an inventive concept. *See IBM v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022). Accordingly, claim 11 is invalid for substantially the same reasons that claim 1 is invalid.

### III. CONCLUSION

Plaintiff's complaint should be dismissed because claims 1-23 of the '725 Patent are invalid under 35 U.S.C. § 101.

|  |  |
|---|---|
| | */s/ Karen E. Keller* |
| | Karen E. Keller (No. 4489) |
| | Nathan R. Hoeschen (No. 6232) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Gene W. Lee | 1105 North Market Street, 12th Floor |
| Thomas Matthew | Wilmington, DE 19801 |
| PERKINS COIE LLP | (302) 298-0700 |
| 1155 Avenue of the Americas | kkeller@shawkeller.com |
| 22nd Floor | nhoeschen@shawkeller.com |
| New York, NY  10036-2711 | *Attorneys for Defendant Deluxe* |
| (212) 262-6900 | *Media Inc.* |

Aaron E. Schindler
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

Dated: May 14, 2025

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document complies with the word count limitations as set forth in the Standing Order Regarding Briefing in all cases, as it contains 2,223 words, which were counted by using the word count feature in Microsoft Word, in 14-point Time New Roman font. The word count does not include the cover page, tables of contents and authorities, or the signature blocks.

Dated: May 14, 2025

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Deluxe Media Inc.*